# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE PATTERSON,<br>    Plaintiff, | CASE NO. 3:18-cv-2130 (MPS) |
| v. | |
| DR. BRUCE LICHTENSTEIN,<br>    Defendant. | APRIL 15, 2019 |

## INITIAL REVIEW ORDER

Plaintiff Clarence Patterson incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, filed this case under 42 U.S.C. § 1983. He contends that the defendant, Dr. Bruce Lichtenstein, was deliberately indifferent to his serious dental needs and retaliated against him. Patterson seeks damages from the defendant in his individual capacity.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff has paid the filing fee.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and

to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). The Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006). To plead a cognizable legal claim, however, a *pro se* plaintiff must meet the standard of facial plausibility. *See Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.") (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)).

I.  Allegations

   Background

In 2009 and 2010, the plaintiff was confined at Garner Correctional Institution. ECF No. 1, ¶ 12. During that time, Dr. Lichtenstein began a root canal procedure on one of the plaintiff's molars. *Id.*, ¶¶ 13, 134. The University of Connecticut Correctional Managed Health Care Dental Manual prohibited root canals on molars. *Id.*, ¶ 14 & Ex. 1A-Z. When Dr. Lichtenstein had completed half of the procedure, the plaintiff confronted Dr. Lichtenstein about the unauthorized procedure and accused Dr. Lichtenstein of using the plaintiff as a "test dummy." *Id.*, ¶¶ 15, 135. The accusation caused Dr. Lichtenstein to become angry. *Id.*, ¶ 16.

Soon after this incident, the plaintiff was transferred to Cheshire Correctional Institution

without the root canal procedure being finished. *Id.*, ¶¶ 17, 138. The plaintiff believes that Dr. Lichtenstein was responsible for the transfer. *Id.*, ¶ 136. Dr. Lichtenstein included no information in the transfer summary to notify staff about the partially completed procedure. *Id.*, ¶¶ 20, 139.

The plaintiff was transferred to MacDougall-Walker Correctional Institution. No dentist there would complete the root canal procedure because the procedure should not have been performed. *Id.*, ¶ 22. The plaintiff was in pain and filed a lawsuit against Dr. Lichtenstein. *Id.*, ¶¶ 23, 142.

Over a year later, with the root canal procedure still not completed, the plaintiff was transferred to Corrigan-Radgowski Correctional Institution, and then to Carl Robinson Correctional Institution. *Id.*, ¶¶ 24-25. Correctional Managed Health Care Dental Director Benoit and Assistant Attorney General DeAnn Varunes agreed to have the plaintiff transferred to UConn to have the root canal completed. *Id.*, ¶ 26. The plaintiff settled his lawsuit against Dr. Lichtenstein in 2013 or 2014. *Id.*, ¶¶ 28, 143.

<u>Current Claim</u>

On May 21, 2018, the plaintiff had a dental appointment at Osborn Correctional Institution. *Id.*, ¶ 33. He intended to have a clamp on his denture fixed. *Id.*, ¶ 34. The dentist told the plaintiff that, because he had had the denture since 2008 or 2010, he was eligible for a new denture. *Id.*, ¶ 37. She submitted requests to the Utilization Review Committee for repair of the clamp and for a new set of dentures but told the plaintiff that he could not receive both. *Id.*, ¶¶ 38-39, 144. The plaintiff opted to wait to have his current denture replaced until the Utilization Review Committee decided the request for new dentures. *Id.*, ¶ 40. The following

3

day, the plaintiff was transferred to Cheshire Correctional Institution. *Id.*, ¶¶ 41, 145.

On August 8, 2018, the plaintiff's denture broke while he was eating a sandwich. *Id.*, ¶¶ 42, 148. The front four teeth snapped off. *Id.*, ¶ 43. The following day, the plaintiff submitted a request to the dental unit to have the denture repaired. *Id*. He received a response that his name had been added to the dental list and he would be called down in turn. *Id.*, ¶¶ 48-49, 151. The plaintiff submitted a second request on August 12, 2018, stating that his dental need was urgent because he was having difficulty eating without the denture. *Id.*, ¶¶ 44-46. He also explained that, because he did not have the denture, food was getting into his soft gums causing infection. *Id.*, ¶ 47. On August 19, 2018, the plaintiff submitted a third request. *Id.*, ¶ 149.

The plaintiff was unaware that the dentist at the facility was Dr. Lichtenstein until September 2018. *Id.*, ¶¶ 51, 158-59. At the time he filed this action, the plaintiff had not yet been seen in the dental unit. He experiences pain from swollen gums and canker sores caused by periodontal disease. *Id.*, ¶¶ 53-56, 150. Dr. Lichtenstein had previously warned the plaintiff that if he did not wear his dentures, his teeth could shift causing complications. *Id.*, ¶ 57.

The Utilization Review Committee approved the request for new dentures in July 2018. *Id.*, ¶ 77. In September 2018, the plaintiff was transferred to Osborn Correctional Institution for a short time. *Id.*, ¶ 153. While there, he submitted an Inmate Request for new dentures and was scheduled to be seen five days later. *Id.*, ¶¶ 76, 154. The plaintiff was returned to Cheshire Correctional Institution before the scheduled appointment. *Id.*, ¶ 155. The approval for new dentures was forwarded to Cheshire Correctional Institution in September 2018. *Id.*, ¶¶ 86, 156.

In October 2018, the plaintiff submitted a dental request complaining about painful bleeding gums. *Id.*, ¶ 89. The response stated that emergency pain takes priority. *Id.*, ¶ 90. The

4

plaintiff filed a grievance on October 15, 2018. *Id.*, ¶ 97. When he did not receive a timely response, he submitted a second grievance on November 8, 2018. This second grievance was rejected as a duplicate. *Id.*, ¶¶ 98-99.

II. Analysis

The plaintiff contends that Dr. Lichtenstein was deliberately indifferent to his serious dental needs and failed to treat him in retaliation for the prior lawsuit.

A. Deliberate Indifference to Medical Needs Claims

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, the plaintiff must show both an objective component—that his medical need was serious—and a subjective component—that the defendant acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of his actions or inactions. *See Salahuddin*, 467 F.3d at 279-80. Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.*

The plaintiff alleges that he has difficulty eating and that food becomes lodged in his gums causing severe pain and canker sores. This condition had persisted for five months at the

5

time the plaintiff filed the complaint. The Court assumes, for purposed of this ruling only, that the plaintiff suffers from a serious dental need.

The plaintiff has submitted multiple Inmate Requests seeking treatment. Although some of the requests were generally directed to the dental unit, the plaintiff submitted some requests directly to Dr. Lichtenstein. *See* ECF No. 1 at 37, 47, 48. In one request, the plaintiff reminded Dr. Lichtenstein of his prior warning to the plaintiff about the danger of not wearing his denture. *See id.* at 48. The plaintiff's allegations and exhibits sufficiently allege that Dr. Lichtenstein was aware of the serious harm that could result from his inaction. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (holding that allegation that plaintiff sent letter to warden was sufficient at initial stages of action to support inference that warden received and read letter and was aware of contents). Thus, the Court concludes that the plaintiff has stated a plausible deliberate indifference claim against Dr. Lichtenstein.

B.  Retaliation Claim

To state a retaliation claim, the plaintiff must allege facts establishing three things. First, he engaged in protected speech or conduct; second, the defendant took adverse action against him; and third, there was a causal connection between his protected speech and the adverse action. *Bilal v. White*, 494 F. App'x 143, 146 (2d Cir. 2012). Because retaliation claims by prisoners are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts. Conclusory allegations of retaliatory conduct are not sufficient. *See Dolan v. Connolly,* 794 F.3d 290, 295 (2d Cir. 2015) ("First Amendment retaliation claims brought by prisoners must 'be supported by specific and detailed factual allegations,' not stated 'in wholly conclusory terms.'") (citation omitted).

The plaintiff bases his retaliation claim on the fact that the filed a lawsuit against Dr. Lichtenstein nearly ten years ago. The adverse action is the failure to treat his dental condition. However, the plaintiff alleges no facts to demonstrate the required causal connection.

Factors the court may consider when determining whether a causal connection exists include temporal proximity between the protected activity and the alleged retaliatory act and statements made by the defendant concerning his motives. *See, e.g., Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (temporal proximity); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (alleged admission of retaliatory conduct). The plaintiff is required to support his retaliation claim by "specific and detailed factual allegations." *Friedl v. City of New York*, 210 F.3d 79, 86 (2d Cir. 2000). The evidence must show more that the mere possibility that the action was retaliatory. *See generally Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

The plaintiff's lawsuit was filed about ten years before the incident and was settled over five years before. The Supreme Court has held that a period less than two years is too long to establish temporal proximity. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (explaining that temporal proximity must be very close and stating that action taken "20 months later suggests, by itself, no causality at all"). The plaintiff reminded Dr. Lichtenstein of the incident underlying that lawsuit in two of the three Inmate Requests he specifically addressed to Dr. Lichtenstein and in his medical grievance. However, there is no evidence that Dr. Lichtenstein actually received and read the requests or grievance and no allegation that Dr. Lichtenstein admitted any improper motive or specifically acted in response to the information.

The Court will not infer an improper motive from the plaintiff's assumption that Dr. Lichtenstein refused to see him based on the ten-year-old lawsuit and his attempted confirmation

7

of that assumption by reminding Dr. Lichtenstein of their past interactions.  The requests submitted show that the plaintiff's name was added to the list to see the dentist and he was told that emergency cases had priority.  The fact that the plaintiff considers his own case to be an emergency is insufficient to create a retaliatory motive.  Accordingly, the retaliation claim is dismissed without prejudice.  The plaintiff can file an amended complaint to reassert this claim provided he can allege facts to establish retaliatory conduct.

III.    Conclusion

The retaliation claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to filing an amended complaint.  The case will proceed on the plaintiff's claim for deliberate indifference to serious dental needs.

The Court enters the following orders:

(1)     **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendant Dr. Lichtenstein, mail a waiver of service of process request packet containing the Complaint to him at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** send the plaintiff a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 15th day of April 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge