# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE PATTERSON,<br>    Plaintiff,<br><br>v.<br><br>BRUCE LICHTENSTEIN,<br>    Defendant. | CASE NO. 3:18-cv-2130 (MPS)<br><br><br><br>February 20, 2020 |

## RULING AND ORDER

The plaintiff, Clarence Patterson, has filed an "emergent" motion for order, ECF No. 19, asking the Court to issue a cease and desist order against prison officials at Corrigan-Radgowski Correctional Center ("Corrigan").

The plaintiff alleges that Warden Corcella is "putting together an administration that has no leaks in it so that the prison officials can basically do anything including take a prisoner's life." ECF No. 19 at 1. The plaintiff states that the usual practice in the Department of Correction is that, when a correctional officer is promoted to lieutenant, he will be transferred to a different facility. *Id.* ¶¶ 3-4. However, Warden Corcella has retained between eight and fourteen newly promoted lieutenants at Corrigan. *Id.* ¶¶ 10-12. The plaintiff contends that none of the newly promoted lieutenants offered any assistance in solving crimes at the facility. *Id.* ¶¶ 12-16. The plaintiff also alleges that, in 2016, he settled a case against Officer Aponte for planting drugs in the plaintiff's cell and now Officer Aponte has been assigned as a Disciplinary Investigator. *Id.* ¶¶ 28-30. The plaintiff wants the Court to order Warden Corcella "to stop

building an army" and transfer some of the newly promoted lieutenants to other correctional facilities. *Id.* ¶¶ 31-32.

The plaintiff further alleges that he was "a victim of this hangman game" on October 16, 2019. *Id.* ¶ 34. He states that he had a deposition scheduled the following day and characterizes the deposition as beginning to hold medical staff accountable for their failure to treat his back condition. *Id*. ¶¶ 35-38. That evening he was falsely issued a disciplinary report, the deposition was postponed, and the plaintiff was not allowed his legal materials in segregation. *Id.* ¶¶ 44-50, 63-64, 71-74.

The plaintiff seeks an order directing Warden Corcella to take some actions and refrain from other actions. Thus, he seeks injunctive relief. Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995). The irreparable injury prerequisite requires proof of harm that is "actual and imminent" and "not remote or speculative." *Pisarri v. Town Sports Int'l, LLC*, 758 F. App'x 188, 190 (2d Cir. 2019)

(quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (internal quotation marks omitted)).

Where the plaintiff seeks a mandatory injunction, *i.e.*, an injunction seeking to order the defendants to perform positive acts, he must meet a higher standard. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

In addition, because the plaintiff must demonstrate a likelihood of success on the merits of his claims in the complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the

same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health,* 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

The plaintiff seeks a mandatory injunction. He wants the Court to dictate how the correctional facility should be staffed. The only issue in this case is the adequacy of the plaintiff's dental treatment. *See* Initial Review Order, ECF No. 6. The plaintiff's request is unrelated to his dental treatment. Thus, the motion is not properly brought in this case.

In addition, the court cannot enjoin the actions of any person unless the court has personal jurisdiction over him. *Himmelreich v. Warden FCI Danbury*, No. 3:14-cv-930(SRU), 2014 WL 5783003, at * (D. Conn. Nov. 6, 2014) (citing *In re Rationis Enters., Inc. of Pan.*, 261 F.3d 264, 270 (2d Cir. 2001)). The plaintiff specifically seeks injunctive relief against Warden Corcella. However, there is only one defendant in this case, dentist Dr. Bruce Lichtenstein, who is named in his individual capacity only. *See* Initial Review Order, ECF No. 6. Injunctive relief is not available from defendants in their individual capacities, *Arzuaga v. Quiros*, No. 3:10CV1200(DJS), 2015 WL 13021466, at *1 (D. Conn. Nov. 9, 2015) (citation omitted), and neither Warden Corcella nor any prison official responsible for prison administration, is a defendant.

The plaintiff's motion [**ECF No. 19**] is **DENIED**.

The plaintiff's motion for reconsideration [**ECF No. 21**] is **DENIED** because (1) the rules do not allow the filing of multiple motions for reconsideration, (2) the motion fails to point to data or controlling law that the Court overlooked, and (3) disagreement with the Court's ruling

4

is not a viable claim of judicial bias.

**SO ORDERED** at Hartford, Connecticut, this 20th day of February 2020.

/s/
Michael P. Shea
United States District Judge